Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 730-2875
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Angelica Jackson; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Diversified Consultants, Inc.; | (Jury Trial Demanded) |
| Defendant. | |

**Preliminary Statement**

1. On one or more occasions Defendant obtained the Plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunc-

1  tive relief.

## Jurisdiction and Venue

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), and in that the Defendant's conduct complained of occurred in the District.

## Parties

4. Plaintiff is an individual who at all times relevant resided in Maricopa County, Arizona.

5. Defendant Diversified Consultants, Inc. ("DCI") is a national collection agency licensed to conduct business within the state of Arizona.

## Factual Allegations

### *The Impermissible Access*

6. On February 2, 2015, DCI accessed or obtained a consumer report (hereinafter "credit report" or "consumer report") on Ms. Jackson from Trans Union, a national consumer reporting agency.

7. DCI's stated purpose for requesting the credit report was "account review."

8. Less than two weeks later, DCI sent Plaintiff a collection letter on behalf of Sprint.

9. Plaintiff had previously filed Chapter 7 bankruptcy on July 1, 2014.

10. DCI and Sprint were both notified by the Bankruptcy court of Plaintiff's filing on or about July 3, 2014.

11. The account DCI was attempting to collect on behalf of Sprint was included in Plaintiff's Chapter 7 bankruptcy.

12. Plaintiff received a discharge of her debts on October 16, 2014.

13. The bankruptcy court sent notice of Plaintiff's discharge to both DCI and Sprint on October 16, 2014.

14. DCI did not have a permissible purpose for making the credit report inquiry on Plaintiff on February 2, 2015.

15. At the time DCI made its inquiry, DCI knew that the account it was attempting to collect from Plaintiff had been included and discharged in Ms. Jackson's Chapter 7 bankruptcy.

16. At the time DCI made its inquiry, DCI knew that its stated purpose for obtaining Ms. Jackson credit report, that of "Account Review," was false.

17. At the time DCI made its inquiry, DCI knew that it did not have a permissible purpose to access Ms. Jackson's credit report.

18. Upon information and belief, at the time DCI obtained Plaintiff's credit report on February 2, 2015, DCI had a policy of regularly ignoring the bankruptcy discharge of its customers and regularly obtained credit reports under the guise of an "Account Review."

### *Other Impermissible Accesses*

19. Upon information and belief, DCI accessed Ms. Jackson's consumer report one or more times between January 6, 2014 and January 6, 2016 without a permissible purpose.

### Count I.   Violation of FCRA
### *Negligently Obtaining Consumer Report Without Permissible Purpose*

20. Plaintiff incorporates the preceding paragraphs.

21. DCI acted negligently in requesting and obtaining Ms. Jackson's credit

1     reports without a permissible purpose.

2  22.   DCI's conduct in obtaining Ms. Jackson's credit reports without a
3     permissible purpose therefore violated 15 U.S.C. §1681b(f).

4  23.   As a result of DCI's violation of the FCRA, Ms. Jackson has suffered
5     an invasion privacy, and other actual damages.

6     WHEREFORE, the plaintiff requests that this Court enter judgment in
7 her favor and against defendant DCI as follows:

8     a.   pursuant to 15 U.S.C. § 1681$o$(a)(1), award her actual damages,
9        for each impermissible access of her credit report;

10     b.   pursuant to 15 U.S.C. § 1681$o$(a)(2), award costs of the action
11        and reasonable attorney fees; and

12     c.   grant such other and further relief as the court deems just and
13        proper.

14           **Count II.   Violation of FCRA**
15     *Willfully Obtaining Consumer Report Without  Permissible Purpose*

16  24.   Plaintiff incorporates the preceding paragraphs.

17  25.   DCI acted willfully in requesting and obtaining Ms. Jackson's credit
18     reports without a permissible purpose.

19  26.   DCI's conduct in willfully obtaining Ms. Jackson's credit reports
20     without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

21  27.   As a result of DCI's violation of the FCRA, Ms. Jackson has suffered
22     an invasion privacy, and other actual damages.

23     WHEREFORE, the plaintiff requests that this Court enter judgment in
24 her favor and against defendant DCI as follows:

25     a.   pursuant to 15 U.S.C. § 1681n(a)(1)(A), award her actual dam-

ages, or not less than $100 and not more than $1,000 for each impermissible access of her credit report, whichever is greater;

b.  pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

c.  pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

d.  grant such other and further relief as the court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED: January 6, 2016.

      s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 730-2875
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorneys for Plaintiff